UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONNA IRENE REX and STANLEY
MARCUS GALYEAN,

          Petitioners,

v.

SCOTT WRIGGELSWORTH,

          Respondent.
_____/

Case No. 1:21-cv-333

Honorable Robert J. Jonker

## OPINION

This is a habeas corpus action brought by two individuals on behalf of a person, Richard Travis Martin, who is presently held in the Ingham County Jail following a determination of guilt on a charge of criminal contempt. The records of the Ingham County Sheriff's Office indicate that Mr. Martin has been ordered to pay a fine of $7,500 and will be released on June 4, 2021. *See* https://jail.ingham.org/ViewInmate/165522 (visited Apr. 22, 2021). Petitioners purport to bring their petition under 28 U.S.C. § 2241, which is the statutory section which generally empowers the federal courts to issue writs of habeas corpus. Because Petitioner is held pursuant to the judgment of a state court, however, his petition must also comply with the requirements of 28 U.S.C. § 2254.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the allegations do not demonstrate that the Court has jurisdiction to decide the petition.

## Discussion

### I. Factual allegations

Petitioner Donna Irene Rex and Stanley Marcus Galyean bring this action on behalf of Richard Martin. Richard Martin is held in the Ingham County Jail after being found guilty of criminal contempt. Petitioners attach to the petition a transcript of the March 19, 2021, arraignment of Marlena Pavnos-Hackney in the Ingham County Circuit Court. (ECF No. 1-2.) Ms. Pavlos Hackney was being arraigned on a charge of contempt of court because she had disobeyed a court order prohibiting the operation of Marlena's Bistro and Pizzeria. The court had prohibited operation of the bistro because of violation of orders put in place during the COVID-19 pandemic.

As reflected in the transcript, Mr. Martin appeared in the proceeding as Ms. Pavnos-Hackney's "assistance of counsel." The judge concluded that Mr. Martin was practicing law without a license and held him in contempt.

Petitioners Rex and Galyean do not disclose their relationship with Mr. Martin. They do not indicate whether Mr. Martin is able to pursue a petition on his own behalf. Nor do Petitioners represent that they are dedicated to the best interests of Mr. Martin.

Petitioners contend that Mr. Martin's incarceration violates his due process rights.

**II.     AEDPA standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

**III.     "Next friend" status**

Under Rule 2(c)(5) of the Rules Governing § 2254 Cases, the petition must be signed by Mr. Martin or by a person authorized to sign the petition under 28 U.S.C. § 2242, known as a "next friend." *Whitmore v. Arkansas*, 495 U.S. 149, 161–65 (1989). Section 2242 provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting on his behalf." A "next friend" does not become a party to the habeas corpus action in which he or she participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore*, 495 U.S. at 163.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. 149, 163–64 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir.1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir.1978)). The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 459 U.S. at 155–56. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

Here, Petitioners have not met their burden. They have not shown why inmate Martin cannot file the habeas petition on his own behalf, nor have Petitioners shown how they are qualified to serve as Martin's "next friends." Accordingly, the petition is not properly within the Court's habeas jurisdiction.

The deficiencies in the petition that deprive the Court of jurisdiction are not irremediable. In the event that Petitioners go forward with a new petition that corrects the deficiencies, the Court notes that petitions under § 2254 are subject to an exhaustion requirement. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

**IV.    Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioners have demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Consequently, this Court has examined each of Petitioners' claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioners' claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioners' claims for lack of jurisdiction was debatable or wrong. Therefore, the Court will deny Petitioners a certificate of appealability. Moreover, for the same reason the Court dismisses the petition, the Court concludes that any issue Petitioners might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: April 29, 2021    /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE